**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                 **CASE NO. 4:08CR00337-02 BSM**

**DESHAWN PORTER**                                                        **DEFENDANT**

**ORDER**

Deshawn Porter moves to vacate, set aside, or correct the sentence imposed on December 17, 2009, pursuant to 28 U.S.C. § 2255, citing ineffective assistance of counsel and lack of jurisdiction. For the reasons set forth below, his motion is denied.

Section 2255, requires a prompt hearing unless the motion, the files, and records of the case conclusively show that the prisoner his not entitled to relief. The motion and record herein show conclusively that defendant is not entitled to relief.

Porter argues that his attorney's failure to conduct adequate pretrial investigations constituted ineffective assistance of counsel. To prevail, he must show that his attorney's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He cites two specific investigative failures that prejudiced his case: (1) his attorney failed to investigate and challenge the combined weight equivalency of the drugs he plead guilty to possessing; and (2) his attorney failed to investigate the recent changes he made to his life. Neither of these failures constitute ineffective assistance of counsel sufficient to set aside or vacate Porter's sentence.

Even if Porter could show that his attorney failed to investigate and challenge the

weight equivalency of the drugs he plead guilty to possessing, he cannot show that this prejudiced his case. As the pre-sentencing report points out, by pleading guilty Porter reduced his total exposure from over 1000 kilograms of marihuana equivalency to just over 500 kilograms of marihuana equivalency. Based on his plea agreement, the government moved to dismiss charges of possession with intent to distribute numerous other drugs, including approximately 20.04 grams of cocaine base (a marihuana equivalency of 400 kilograms). Nothing indicates that the government would have entered a more beneficial agreement with Porter if his attorney had challenged the weight calculation of the drugs that he ultimately plead guilty to possessing.

The record also clearly contradicts Porter's claim that his attorney failed to adequately investigate and argue about the changes he made to improve his life. Porter's attorney argued at both the change of plea and the sentencing hearings that Porter had made positive changes including addressing his drug addiction, performing as a model employee, and involving himself in his church. Indeed, Porter's attorney was praised for his vigorous representation of these issues. From the record it is obvious that not only did Porter's counsel investigate his life changes, he vigorously argued that those changes should be considered in the sentence. Porter cannot claim ineffective assistance of counsel where his attorney actually did exactly what he now claims should have been done.

Porter claims that his attorney's failure to ask for sentencing credit for the twelve months he spent in home confinement during his pretrial release constituted ineffective

assistance of counsel. 18 U.S.C. § 3585(b) allows a defendant to receive credit toward service of a term of imprisonment for any time he spent in official detention prior to the date his sentence commences. Neither home confinement nor house arrest, however, are "official detention" within the meaning of 18 U.S.C. § 3585(b). *Edwards v. U.S.*, 41 F.3d 154 (3rd Cir.1994); *U.S. v. Wickman*, 955 F.3d 154 (8th Cir. 1992). Porter's case could not have been prejudiced because he was not eligible for sentence credit for the twelve months he spent in home confinement. Thus his attorney's failure to ask for sentence credit for these twelve months does not support Porter's claim that his lawyer was ineffective.

Finally, Porter argues that the federal court did not have jurisdiction because the crime he committed was not committed on the special maritime, high seas, or territory of the United States. Porter, however, plead guilty to violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The facts he plead guilty to indicate that these crimes were committed within the Eastern District of Arkansas. Jurisdiction was therefore proper.

For these reasons, Deshawn Porter's petition to vacate, set aside, or correct the sentence is DENIED.

IT IS SO ORDERED this 27th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE